Na. 7.—JAMES H. ALFORD, plaintiff in error, *vs.* JOHN BURKE, defendant in error.

[1.] *A mere stakeholder* has no interest in, and is not always necessarily apprised of the nature of the contract under which he holds the money.

[2.] If the contract is legal, he is liable to the party entitled to the money, without an express promise. The law implies one.

[3.] If the contract is illegal, either party may disaffirm it, and claim from him his deposits.

[4.] The Court will not sustain a case which must be supported through an illegal contract.

[5.] A stakeholder is not a party to the contract or wager, and he cannot set up its illegality in defence of a suit by a party for his deposit.

[6.] A stakeholder cannot assume the position of a party to the wager and defend for him, and call upon the Court to sustain a defence that would not be available to the party.

[7.] A plaintiff, suing a stakeholder, cannot invoke in aid of his case the illegal contract; and it would seem that the defendant could not set it up in his defence.

[8.] It may be considered, now, as well established law, that a party to an illegal, or immoral, or criminal contract, may recover back from a stakeholder a deposit still in his hands.

*Certiorari,* in Richmond Superior Court. Decision by Judge HOLT, October adjourned Term, 1856.

This was an action brought by John Burke against James H. Alford, in the City Court of Augusta, for the recovery of $500, placed in his hands as stakeholder.

The plaintiff, upon the trial, proved that he and another person, whose name is not disclosed by the record or evidence, made a bet of $500 on a dog fight, and each deposited that sum in the hands of James H. Alford as a stakeholder; that the fight never took place, plaintiff's dog having died before the day appointed for the fight; that notice of that fact had been given to defendant, and he required not to pay over the money to the other party.

The defendant introduced no testimony. The presiding Judge of the City Court, charged the jury that plaintiff was not entitled to recover; that the contract between the original

parties to the bet being illegal, as contrary to law and public policy, the Courts would afford them no redress, but leave them as they found them; and that the same principle was applicable between the parties before the Court.

Whereupon counsel for plaintiff below excepted, and brought the case by *certiorari* before the Superior Court of Richmond County.

After hearing the exceptions and argument, his honor, Judge HOLT, sustained the *certiorari*, overruled the decision of the City Court, and remanded the cause, with instructions to that Court to set aside the verdict and grant a new trial.

To which judgment of said Superior Court counsel for defendant excepted.

MILLERS & JACKSON for plaintiff in error.

JNO. C. SNEAD & SONS for defendant in error.

*By the Court,* McDONALD, J. delivering the opinion.

The action in this case is brought under the act of the Legislature to simplify and curtail pleadings at law. The bill of particulars shows that it was instituted to recover five hundred dollars, paid into the hands of the defendant, as stakeholder, upon a bet on a dog fight which did not take place. The defendant pleads:

1st. The general issue.

2d. That the contract is illegal and void.

3d. That, by the terms of the deposit with defendant (if made at all,) the said sum of money belongs to another and different person.

The Judge of the City Court charged the jury on the trial, that the contract between the original parties was illegal, as contrary to law and public policy, and that the law would leave them as it found them; and that the principle was applicable to the parties before the Court, equally as if both were original parties to the act; and that, according to law,

the plaintiff nor either of the original parties were entitled to recover from the stakeholder the sums deposited by them in his hands; and that in the case before the Court, the plaintiff was not entitled to recover. The jury, under this charge, found for the defendant, and the plaintiff carried the case, by writ of *certiorari*, to the Superior Court, alleging error in the charge of the City Court.

The Judge of the Superior Court sustained the *certiorari*, and ordered a new trial; and on this judgment the case is brought, by writ of error, to this Court.

[1.] The action was against the defendant as a stakehold-er. He was not a party in interest to the contract. *A mere stakeholder* never has an interest, and he is not always ne-cessarily apprised of the nature of the contract or engage-ment between the parties by which money is deposited with him.

[2.] If the engagement or contract between the parties making the deposit was legal, he is bound to pay it to the party entitled to it, without any express promise by him. The law implies one.

[3.] If the contract between the parties was illegal and void, either party may disaffirm it, and claim from the stake-holder his deposit. In such case he does not claim through the illegal transaction.

[4.] But if the plaintiff relies on the illegal contract to sustain his right, and, to determine the right, the Court is called on to decide on the validity of the contract, it will not do it. The Court will not waste its time in trying an illegal contract. *Egerton vs. Furzeman,* 11 *Eng. Com. L. Rep.* The contract between the original parties was illegal and void, and if the fight had taken place, the winner could not have sustained an action for the entire deposits, because he could not have entitled himself to it except through the illegal wager. But that is not this case.

[5.] The stakeholder defends against the party who claims his deposit back, the fight on which the bet was made never

having taken place. He sets up as a defence, the illegal and void contract. He cannot be heard. He has no equity against the plaintiff whose money he holds. He has no authority to say that the party shall not be permitted to retire from a contract which the Court would not enforce because of its illegality or immorality.

[6.] But the defendant further pleads, that another and different person is entitled to the deposit; manifestly setting up that by the laws of gaming one of the parties was winner. In this plea he assumes the position and defence of one of the parties to the contract, and calls on the Court to recognize the validity of the contract, and to sustain the title of the other party to the money. On the authority already cited the Court will not do that.

[7.] The plaintiff does not invoke, in aid of his case, the wager; and that would seem to be the test of his right to recover. *Simpson vs. Bloss*, 7 *Taunt. Rep.* 246; 2 *Eng. Com. L. Rep.* 89. The reason of the rule applies with equal force to the defendant as to the plaintiff, and he cannot be allowed to set it up. The defendant is not authorized, in honor or conscience, to hold on to the money against both parties to the wager. *At law*, he might retain it against the party who claims as winner, because he, as plaintiff, could not recover on a title depending, *altogether*, on the illegal contract. I see no reason why the winner might not, by repudiating the wager, recover *his own* deposit from the stakeholder, on his refusal to pay. His case would, in no manner, depend upon the illegal contract, and he would require no aid from it.

[8.] It may be considered, now, as well established law, that a party to an illegal, or immoral, or criminal contract, may recover back from a stakeholder, a deposit still in his hands. *Vischer vs. Yates*, 11 *John. Rep.* 23.

If the acts of the Legislature are to be referred to as evidence of what public policy is in such cases, there can be no doubt in this case. The great rule of public policy estab-

lished by our Legislature is, that the winner shall not be protected in his unlawful gains, and that the loser, though a party to an illegal wager, may sue and recover back his money. *Cobb's new Dig.* 726, 727. It is true that these Statutes give remedies only in the cases mentioned in them, but it strengthens the positions maintained by the Courts, in regard to the right of either party to recover the money deposited by him with a stakeholder, before it has been paid over.

Judgment affirmed.