THOMAS G. LEVERETT, plaintiff in error, *vs.* WILLIAM STE-GALL, defendant in error.

```
23  257
e120 668
f120 669
23  257
126  312
```

(1.) If A deposit as a stake, the promissory note of a third person, with B., and B. deliver the same to the winner, after being notified to withhold it, taking from the winner a bond of indemnity, A. is entitled to recover the note of the winner in an action of trover.

(2) A witness, whose interest is uncertain, and who is protected against a recovery, by the statute of limitations, is a competent witness.

Trover, in Lee Superior Court. Decision by Judge ALLEN, March Term, 1857.

This was an action of trover by Thomas G. Leverett, against William Stegall, for the recovery of a promissory note.

It appeared that the plaintiff and defendant made a bet on the result of the gubernatorial election, in 1851; notes were bet and placed in the hands of William L. Davis, as stakeholder; the notes were for about eight hundred dollars on each side; Stegall bet on Cobb, and Leverett on McDonald; Leverett lost, and the stakeholder paid the stakes over to Stegall, but was notified by Leverett not to do so. This notice was given before the note was turned over, and the loser, Leverett, brings this action to recover of Stegall, the note.

Davis, the stakeholder, was offered as a witness by plaintiff, to prove the above facts, defendant objected to his testimony on the ground of his interest, the Court sustained the objection, and plaintiff excepted.

Defendant then moved for a non suit, which was granted and plaintiff excepted.

P. J. STROZIER, for plaintiff in error.

VASON & DAVIS and WARREN & WARREN, *contra.*

*By the Court.*—LUMPKIN J., delivering the opinion.

[1.] We do not propose to overrule or in anywise modify
18

Leverett vs. Stegall.

the decision of this Court in *Alford vs. Burke*, 21, *Ga. Rep.* 46, on the contrary, we maintain that upon the principles of that case, the plaintiff is entitled to recover in this. Before the wager was paid over by the stakeholder, he was notified to withhold it, and notwithstanding this notice, and the full knowledge of it on the part of Stegall, the note of Turner was turned over to the defendant, he giving a bond of indemnity to Davis. It is admitted that Davis made himself liable; the facts of the case substitute Stegall in his stead to all intents and purposes, Stegall came by the note tortiously. He might as well, for the purposes of this action and the law of the case, have stolen the note from the stakeholder, or from Leverett himself, after it had been returned to him by Davis.

The plaintiff need not, and does not invoke in aid of his case the wager, and this is the test of his right to recover.

If there be any class of gambling contracts, which should be frowned upon more than another, it is bets on elections, they strike at the foundation of popular institutions, corrupt the ballot-box, or what is tantamount to it, interfere with the freedom and purity of elections, and there is no security for the permanence of our government.

[2.] The interest of the witness Davis, was too uncertain to reject his testimony; if liable at all, it was in tort. He might never be sued, and his liability, if it ever existed, was barred by the statute of limitations.

Judgment reversed.

BENNING J. concurring.

The stakeholder is the agent of both bettors; and he so remains as long as he retains the stakes. He is but their mere agent, for betting being illegal, neither bettor acquires any right by the bet. Either bettor therefore, may, at any time before his stake has been delivered to the other bettor, revoke the stake holder's authority to deliver the stake to the

other bettor. And any act done by the agent after the re-vocation of his authority, is void as against the principal, and of course, can confer no rights of any sort, as against the principal.

These things being so, the delivery of the stakes, in this case, by the stakeholder to one of the bettors, could confer no right on him to the stake of the other bettor, for the latter had before such delivery, revoked the stakeholder's authority to make such delivery.

And that the revoking bettor in such a case, is entitled to the aid of a court to recover back his stake, or its value from the other bettor, is decided, I think, by the case of *Alford vs. Burke,* which was the case of a bet on a dog fight, and which was determined at Savannah in January Term, 1857. I do not think it necessary to do more than refer to that case.

McDONALD, J. dissenting.

Notes were staked in this case. The legal title to a note, is presumptively in the party to whom it is made payable, if he have the possession, and it be not endorsed by him. To di-vest that title, there must be proof of some sort.

This is an action of trover for the recovery of a promissory note. The suit is by the maker against 'the payee. The simple production of the note, would prove title in the de-fendant. The plaintiff must rebut this proof. How can he do it? He must prove the bet and rely on it to invalidate the title of defendant. It is the same thing as if he relied on it to make out his title in the first instance. We decided in the case of *Alford vs. Burke,* 21 *Ga.* 46, that if the Court is called on to decide on the validity of an illegal contract to sustain the right of the plaintiff, it will not do it. The greatest extent to which the Courts have gone, has been to allow a recovery in such case, from a stakeholder. While the deposit is in his hand, either party may disaffirm the illegal contract, and by proof that plaintiff deposited the

Leverett vs. Stegall.

money or goods in his hands, he may recover them. This he can always do, without relying on the illegal contract or alluding to it in the pleadings or evidence, but after the money or commodity has been delivered to the winner. he must rely on proof of the title by which the defendant holds and impeach it by showing the illegality of the contract. This he cannot do. In the language of the law, the Court will not hear him.

If the stakeholder pays money or delivers property after notice not to do it, by the party making the deposit, it or its value may be recovered from him, and he cannot defend on the ground that he paid it to the winner, because the Court will not allow him to justify by the illegal transaction.