## DYER vs. BENSON.

Betting on a horse race is gaming in the sense of the Code; and since its adoption, one who has lost a horse by betting on such a race may recover it by suing therefor within six months.

December 5, 1882.

Contracts. Gaming. Actions. Before P. H. BREWSTER, Esq., Judge *pro hac vice.* Carroll County. At Chambers, May 15, 1882.

Benson brought trover against Dyer for a horse. On the trial, the evidence showed, in brief, the following facts: Benson and Dyer agreed to run a horse race. The winner was to take both horses. Dyer won, and took Benson's horse. Benson sued for his horse within six months. There was some conflicting evidence as to the details of the race, the value of the horse, etc., not material here.

The court charged, in effect, that such a contract was illegal; that a delivery thereunder would be based on a gaming consideration, and that the property so delivered could be recovered, if sued for within six months.

The jury found for the plaintiff $125.00 with interest. Defendant moved for a new trial, which was refused, and he excepted.

G. W. AUSTIN; T. W. LATHAM, for plaintiff in error.

COBB & COLE; REESE & ADAMSON, for defendant.

JACKSON, Chief Justice.

The sole question made in this record is, can one recover a horse from another, won in a horse race?

Our statute is very broad. "Gaming contracts are void, and all evidences of debts or encumbrances or liens on property executed upon a gaming consideration, are void in the hands of any person. Money paid, or property delivered up upon such consideration, may be recovered

back from the winner by the loser, if he shall sue for the same in six months after the loss; and after the expiration of that time, it may be sued for by any person at any time within four years, for the joint use of himself and the educational fund of the county." This suit for this property, delivered up on the consideration that the horse of defendant beat the horse of plaintiff in a race on which each bet his horse against the other's, was sued for by the loser within six months, and leaves this the only question: Is that consideration a gaming consideration under our Code above cited? Code, 2753.

We are quite clear that it is such a consideration within the meaning of our statute, and that the principle which covers this case was adjudicated by this court in 21 *Ga.*, 46. That was a dog fight; this is a horse race. If betting on one be gaming, betting on the other is also gaming. It is true that that was a suit against the stakeholder for the plaintiff's half of the bet on the dog fight deposited with him, and that makes a case between one of the parties to the bet and the stake-holder, and not between winner and loser. The court there does not decide that the winner should respond to the loser if the money had been delivered; but the entire reasoning goes to the point that the bet on the dog fight is illegal. The court say that "the great rule of public policy established by our legislature is, that the winner shall not be protected in his unlawful gains, and that the loser, though party to an illegal wager, may sue and recover back the money." It is true that the same opinion, in the next and concluding paragraph, referring to the remedies then given in Cobb's Digest, pp. 726, 727, contains the words, "that those statutes give remedies only in the cases mentioned in them," but the Code now—section 2759—extends the remedy to all gaming. Is horse racing and betting thereon gaming? A game is any sport; originally racing was one of the games of antiquity. Thence, from foot racing came chariot racing, horse racing, etc., etc., which all are sports or games

for the diversion and amusement of spectators, and betting on any of these games becomes illegal, and gaming in the sense of the Code; and the loser of any money or other article lost on such bet, may recover the article delivered, under the Code, from the winner of it. This must be the true sense of the section 2759 of the Code, or it would have been limited, as the acts in Cobb's Digest, pp. 727, 728, were, to the games of cards, dice, etc., etc., therein enumerated. The codifiers wove into those old statutes the broader policy indicated by the opinion of Judge McDonald, in 21 *Ga.*, p. 46, and the legislation adopting the Code made it lawful for the loser to recover, within six months from the loss of his goods, from the winner the goods so lost, not only in the games specified in Cobb's Digest, but in all cases of gaming.

Judgment affirmed.