## 24793.  Tatham v. Freeman et al.

Sutton, J.  On March 28, 1931, L. M. Tatham filed suit in Fulton superior court, reciting that the action was brought under section 4256 of the Civil Code of 1910, for the joint use of himself and Fulton County, against Charles E. Freeman and Dana C. Belser, making these allegations: In 1930 defendants made a gaming contract with Lloyds Insurance Company of London, England, to the effect that if Bobby Jones [Georgia's world champion golf player] won a game of golf which he was to play on September 27, 1931, such company would pay to defendants $2,500, "defendants having staked a certain sum of money against the $2,500 belonging to" such company, that Jones won such game of golf, and the loser mailed its check for $2,500 from London to the defendants in Atlanta, that more than 6 months have expired since the date of the loss and before the filing of this suit and the loser of the money has not sued defendants therefor, and any action it may have is now barred; that the defendants have not paid back or returned said money to the loser; that "the gaming contract referred to was made in Fulton County, Ga.  At all times mentioned and when the contract was consummated, the defendants were in Fulton County, Ga., and the money was sent to them at their residences in Fulton County, Ga."; that plaintiff is unable to attach a copy of the gaming contract referred to, in that he has not possession thereof, but notice has been given to defendants to produce a copy of such contract, and that more than one year prior to the filing of this suit the defendant Belser admitted to plaintiff that he and the defendant Freeman received $1,250 each from said wager. The defendants demurred to the petition, upon the grounds that no cause of action was set forth therein and the allegations of the petition show no right in the plaintiff to recover of these defendants or either of them any sum of money, and because the petition does not allege any facts to show that the contract referred to was made within the State of Georgia, and that the superior court of Fulton County, Georgia, has any jurisdiction of the subject-matter of said suit. The trial judge sustained the demurrer, upon the ground that it appeared that the alleged gambling contract was made in London, England, and that the court had no jurisdiction, and dismissed plaintiff's petition.  *Held:*

1. A gambling contract or a contract based upon a gaming consideration is void and unenforceable in this State.  Code of 1933, §§ 20-501 et seq. Side bets placed upon the ultimate outcome or final result of any game whatever is gaming under the Georgia Law.  *Gullatt* v. *State*, 169 *Ga.* 538, 541 (150 S. E. 825).  Money paid in pursuance of a bet may be recovered within six months after being paid; and if not sought to be recovered by the loser within that time, any person may bring an action against the person to whom it is paid in settlement of the bet, and, on recovery, one half thereof shall be paid to the county for the use of the educational fund thereof and one half shall go to the party instituting the action.  Betting upon a game of golf falls within the above principle.  Also, betting that one competitor, among many others, in such a game will win, is a side-bet upon a game.  See Cobb's Digest, 725 et seq.; Code of 1910, § 4256, Code of 1933, § 20-505; *Dyer* v. *Ben-*

*son*, 69 *Ga.* 609; *Garland* v. *Isbell*, 139 *Ga.* 34, 36 (76 S. E. 591); *Quillian* v. *Johnson*, 122 *Ga.* 49, 50 (49 S. E. 801).

2. The fact that the loser of the bet is an insurance company and that the contract is made by such a company does not render the contract valid and not a gaming contract. *Fireman's Fund Ins. Co.* v. *Pekor*, 106 *Ga.* 1, 9 (31 S. E. 779). The fact that the loser of the bet may reside in England and the money is paid from that country does not necessarily render the matter not within the jurisdiction of our courts, and the contract is not void in so far as our courts are concerned. It is sufficient to fall within the principle announced above if the gaming contract is made or the bet is laid in the State of Georgia. While the petition in this case alleges that the loser was "Lloyds Insurance Company of London, England," that the contract was made with it, and that the loser paid the bet to the winners by check sent from London to Atlanta, it is distinctly alleged that "the gaming contract referred to was made in Fulton County, Ga. At all times mentioned and when the contract was consummated, the defendants were in Fulton County, Ga., and the money was sent to them at their residences in Fulton County, Ga." This appearing, and it not appearing from the petition that the contract was made in a foreign country, there is no merit in the demurrer that the petition as amended shows that the gaming contract was made in England, and that there is nothing to show that such a contract is void and unenforceable under the laws of that country, and the trial judge erred in so holding and in dismissing the petition.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 2, 1935.

*Eldon Haldane*, for plaintiff.
*Jones, Powers & Williams*, for defendants.

