*329 OPINION of the Court, by
Ch. J. Botie
This is a writ óf error sued out by the plaintiffs, to reverse a judgment rendered in favor of the defendant in an action of ejectment. It appears from a bill of exceptions that the plaintiffs having produced a patent from the commonwealth, bearing date the 18th of May 1802, and purporting to have issued by virtue and in consideration of two treasury warrants, the defendant, in order to invalidate the patent, offered to prove that the land lay south of the line which formed the boundary of the tract of country reserved for the officers and soldiers of Virginia who had served in the revolutionary war ; and that the evidence was objected to by the plaintiffs ; but that the court below was divided in opinion, and the evidence admitted.
The only question, therefore, is whether such evidence was admissible or not ?
The act of 1779, which established a land office, and authorised the emanation and location of treasury warrants, expressly prohibited them from being located within the tract of country reserved for the officers and soldiers, until the further order of the legislatures and we are not aware of any order or act of the legislature which has since authorised the appropriation of land by virtue of a treasury warrant, within that tract of country. It would seem, therefore, necessarily to result, *330 that a patent in consideration of a treasury warrant could not be legally granted for sucli land ; ánd if it had appeared upon the face of the patent in this case, that it liad issued for land within that tract of country, we would have had no doubt that it was void ; but wé are riot of opinion that parol evidence of a fact dehors the patent was admissible in this casé for the purpose 0f avoiding or defeating the patent: for although a patent when it appears on its face to be illegal, may bé considered void and treated as a nullity, yet if if appear perfect on its face it cannot be vacated by matter dehors the patent, but by scire facias or other regular mode of proceeding instituted for the purpose of vacating it. The reason of this distinction is evident. The commonwealth cannot be regularly divested of her title but by matter of record, and when she has so divested herself she cannot regularly re-invest herself of the title but by matter of record.
If, therefore, the patent be illegal upon its face, it is itself record evidence of the matter which renders it it nullity ; hut if it be legal and perfect upon its face, it is a record of the "title having passed to the grantee, and it cannot regularly be defeated but by matter of as high a nature.
' This doctriné was explicitly recognized by the opinions of the judges of the court of appeals of Virginia in the case of Alexander vs. Greenup, (1 Munford 134,) and seems to be fully supported by the English authorities. — 5 Com. Dig. title Patent, letter A, F 1, F 2, &c. — 2 Black. Com. 350—352.
The evidence admitted in this case for the' purpose of defeating the patent, was consequently incompetent.
The judgment must be reversed with costs, and tlie' cause remanded, that a new trial may be had not incon?-sistent with the foregoing opinion. .