COMPTON *et al. vs.* KILLEN.

A grant of "reverted land," issued in 1845 by the governor to two persons, one of whom was then surveyor general, and the other a secretary of the executive department, is not void by reason of disability in the grantees to take title by grant whilst they were in office. The grant had its validity from the signature of the governor and the attachment of the great seal. The signature of the governor's secretary was not material.

Grants. Officers. Before Judge KIDDOO. Terrell Superior Court. November Term, 1877.

Reported in the opinion.

J. G. PARKS; D. A. VASON; L. C. HOYLE; J. H. GUERRY, for plaintiffs in error.

SAMUEL D. IRVIN, for defendant.

BLECKLEY, Judge.

The grant in question was issued in 1845. At that time there was no statute, general or special, which declared any public officer excluded from the broad system of granting reverted lands which then prevailed. Officers concerned in administering the system, as well as all other citizens of the state, were competent to take title by grant, on complying with the terms prescribed. If frauds were practiced, there were means of detecting them, and each case depended on its own facts. The state was not bound by a fraudulent grant, but there was no presumption of fraud resting solely on the official relations of the grantee, and his concern as a

public officer in administering the law on which the validity of grants depended. The functions of the surveyor general were important, but they were connected chiefly with the plat, and scarcely at all, in a direct way, with the grant. He made out the plat from data of record and on file in his office, and certified to its correctness; but that was of no force until the grant fee was paid into the treasury, and a grant bearing the governor's signature, and authenticated under the great seal of the state, was added to the plat. The grant itself was not prepared by the surveyor general, nor was it signed by him, nor did he have anything to do with attaching the great seal. It was ruled by this court in an early case (14 *Ga.*, 252), that grants had their validity from the signature of the governor and the attachment of the great seal, and that signing by the governor's secretary was not material. Both grantees in the present case were competent to take title from the state by grant; and it was error to treat the grant as void for no reason except the official relations which the grantees bore to the state, and the public duties which consequently devolved upon them in issuing this particular grant, and others of like kind.

Cited for plaintiffs in error: 17 *Ga.*, 548; Code, §2361; Cobb's Dig., 706; Code, §§3753, 2751.

Cited for defendant in error: Cobb's Dig., 706, 1027, 1032; Code of 1861, §110; 21 *Ga.*, 48; Story on Agency, §211, and notes; 11 Mich., 225; 3 N. H., 144.

Judgment reversed.