# Wytheville.

## CARTER'S HEIRS V. EDWARDS.

### July 2d, 1891.

### Absent, *Hinton, J.*

1. EJECTMENT—*Patent—Legal execution—Case at bar.*—Land patent issued to plaintiff's ancestor lacking state seal was not admitted until evidence was offered to show seal was on it when issued. Then it was admitted, but jury was required to ascertain if seal was on it when issued;
HELD:
> Error, as patent should have been admitted with instruction that its validity depended on its legal execution.
2. IDEM—*Certified copy—Case here.*—Court below refused to allow to be read to the jury a copy of the patent duly signed, sealed, and certified;
HELD:
> Error.
3. GENERAL LAW—*Repeal.*—Code 1887, ⅜ 4202, repealed act of March 9, 1880, as to actions of ejectment in certain counties, said act being a general law.

Error to judgment of circuit court of Wise county, rendered April 22d, 1889, in an action of ejectment, wherein Dale Carter was plaintiff, and James T. Edwards and others were defendants, and was brought in December, 1878, to recover 55,000 acres of land, situated in said county. At the trial the verdict and judgment were for the defendant, and the plaintiffs having excepted to the decision of the court overruling their motion to set aside the verdict, and to various other rulings against them, brought the case here on a writ of error. Opinion states the case.

*Burns & Fulton* and *Routh & Stuart*, for plaintiffs in error.

*Kilgore & Milller, P. Hagan, D. Trigg,* and *Bullitt & McDow-ell,* for defendants in error.

LACY, J., delivered the opinion of the court.

The first assignment of error here is that, after the jury had been sworn in the cause, the plaintiffs, to maintain the issue on their part, offered to read in evidence to the jury a paper purporting to be a patent, which purported to have been issued by the commonwealth of Virginia to Dale Carter on the — day of July, 1856, for 18,157 acres of land. The said patent was signed with the genuine signature of the governor of Virginia, the late Hon. Henry A. Wise, and on the left-hand side, while the seal was not thereon, there was an appearance of abrasion, which, it was claimed, showed where the seal had been. But upon the ground that the law required that a patent from the commonwealth of Virginia should have upon it when issued, not only the signature of the governor, but also the lesser seal of the commonwealth, the court excluded the patent from going to the jury.

The plaintiffs offered to show that the said patent had a seal upon it when issued, and in rough use by surveyors and others, the seal appended to the patent had become broken off. A surveyor who had used it said that when in his possession, when making a survey by it in 1879, to the best of his recollection, the patent had a seal on it, which was of wax or wafer, and the said seal was red.

The clerk of the court said that he had made an official copy of this patent in 1880, and marked the seal, on the left-hand corner of it, with "*L. S,*" and that he did not think that he would have marked the seal on the left-hand lower corner in the copy unless the original had been sealed, and, to the best of his recollection, the said patent had the seal of the commonwealth

on it when he made the copy. And the witness further said that the writing on the left-hand side of the patent, at the bottom, was in the handwriting of Dale Carter. This writing was as follows :

" Note.—The beginning corner of this survey is N. 67, E. 800 p. from the mouth of Big Thorn's Creek."

And he also said that he might have so certified the copy by reason of the *impression* which appears on the lower left-hand corner of the said patent.

Whereupon the court permitted the patent to go to the jury, and that the jury should pass upon the question as to whether or not the seal of the commonwealth had been attached to said patent; to which last action of the court, requiring the jury to pass upon the question as whether or not the said seal had been attached to the said patent, the plaintiffs excepted, and this is the second assignment of error. And the third is that, after the court had refused to allow the said patent to go before the jury, and had referred the question as to the missing seal to the jury, the plaintiffs offered to read to the jury the certified copy of the patent mentioned above, but this was overruled, and the copy of the patent, duly signed and sealed, and duly certified, was not allowed to be read to the jury; and the plaintiffs again excepted, and this is the third assignment of error. Upon consideration of which said assignments of error, we think the circuit court plainly erred in excluding from the jury the defaced patent, that should have gone before the jury for what it was worth, with an instruction that its validity depended upon its legal and due execution, signed and sealed by the governor, signed with his signature, and sealed with the lesser seal of the commonwealth at the time of its issuance.

The course pursued was to exclude it till the jury should determine that it had been duly sealed, and then excluded from

their consideration the most important and, indeed, conclusive proof, showing that it had been sealed. The ground for this ruling of the court is accounted for by the circumstance that this copy of the patent was not filed by the plaintiff in the clerk's office thirty days before the trial.

The act of Assembly, approved March 9th, 1880, provides: " That in all cases of ejectment now pending or hereafter brought in the counties of Buchanan, Dickenson, and Wise, the plaintiff shall file with his declaration, thirty days before trial, *the written and record evidence on which he relies,* and, unless he does so, the defendant may have a continuance of the case at the cost of the plaintiff, and if the said case shall be so continued for two terms consecutively the court, in its discretion, may enter judgment for the defendant."

As to this act we will remark, first, that while it requires the plaintiff's written and record evidence, *on which he relies,* to be filed thirty days before the trial, it does not provide that if he shall not file this thirty days before the trial, he shall thereupon lose the benefit of it, and forfeit his property right thereby. The provision of the law is that, if the defendant so desires, and so moves the court, he shall have a continuance, for which the plaintiff shall pay.

So that the court did not administer this law, but this action was supported by no law whatever. The motion was to exclude this written evidence, because it had not been filed in the clerk's office thirty days before the trial. There was and is no law for this, and the action was clearly erroneous.

Secondly. This law was enacted in 1880. The laws since then have been codified, and this act left out of the Code.

Section 4202 of the Code of Virginia, in force, provides that upon the adoption of that Code, which was done on the 1st day of May, 1888, all acts of a general nature should be repealed.

And it is insisted that this section repeals this act. If the law was a special law, as contra-distinguished from a general

law, the adoption of the Code did not affect it, and it was not necessary that it should appear in the Code to prevent its repeal, and consequently laws of such a nature are left out of the Code, and are, nevertheless, still in force.

Let us consider whether this law is a general law, within the meaning of section 4202 of the Code. It is a law which provides a different rule of procedure in the ejectment trial in three counties in this state. We have a law which provides for a different limitation as to actions for land in many counties of this state—all counties west of the Alleghany mountains, including the county of Carroll. This is a comparatively small section of the state, and yet it cannot be called a special law any more than the different limitations east of the Alleghany mountains. They are both general laws, and, if they had been left out of the Code, would have been repealed. They are re-enacted in the Code, section 2915.

Section 848 of the Code provides a different compensation for the members of the boards of supervisors of the counties of Lee, Scott, *Wise, Buchanan, Floyd, Russell,* and Bland from that provided as to other counties. Why was not this omitted from the Code? Section 1004 of the Code re-enacts provisions of the road law to apply specifically to Wise, Dickenson, and other counties. And all over the Code are to be found acts comparatively local in their character applying to sections of the state more or less limited, and not applying to the whole state, but affecting portions thereof only, as to roads, fences, water-courses, fishing, hunting, proceedings in the courts, &c., &c., all in existence and upon the statute-book at the time the Code was adopted; and if they had not been general laws within the meaning of section 4202, *supra,* might have been left out of the Code without being affected. But it is clear that they are general laws within the meaning of that section, and so had to be codified or repealed. They are general laws, applying to all the people of this commonwealth, limited to designated territorial application. For example: The general

laws of this commonwealth provide a close season as to hunting. It, however, varies as to different localities. And so as to fishing, catching oysters, terrapins, &c. In the wide extent of the state they vary as to sections necessarily; they are, nevertheless, parts of the general law of the state, applicable to all the people thereof.

So this law in question is a general law of the state, within the meaning of section 4202 of the Code, applicable to all the the people thereof who shall be plaintiffs in actions of ejectment in the section of the state to which it applies, not only to all of the people of Virginia, but the people of all the world who shall occupy that position in the section designated, just as much so as this section 2915, *supra*, providing a limitation of entry on or action for land; and it has been repealed by the adoption of the present Code, and the mode of procedure in ejectment trials, so far as the introduction of the plaintiff's evidence, is the same in Wise county as elsewhere in this commonwealth, and the rulings of the court complained of in these assignments are erroneous.

The fourth assignment of error, relating to the introduction of evidence after the argument had been partly heard, is immaterial, as a new trial will be ordered, when this is not likely to arise.

The fifth is the exclusion of the plaintiff's remaining evidence, because it did not show title in Dale Carter till after the day laid in the declaration as the day on which his title accrued, and after this suit was instituted, and refused to allow them to be read to the jury.

It was sufficient if the plaintiffs could show a right to the possession of the premises at the time of the commencement of the suit. Section 2735 of the Code. It does not appear that the papers referred to covered the whole tract of land, and there appeared to be a compromise of an adverse claim of title in another, which, being abandoned, tended to show that the right was in the plaintiff from the beginning—a question for

Opinion. ·

the jury to determine whether it was or was not so, was undoubtedly a question of fact.

As to the sixth assignment of error—the action of the circuit court in overruling the motion to set aside the verdict and grant the plaintiff a new trial—this was erroneous, as appears from what has gone before.

Upon the whole case, we are of opinion to reverse and remand the case for a new trial to be had therein in accordance to the foregoing views.

LEWIS, P., *dissented.*

JUDGMENT REVERSED.