## Hensley v. Mattingly, et al.

(Decided November 28, 1924.)

### Appeal from Franklin Circuit Court.

1. Public Lands—Void Patent May be Avoided Only by Direct Proceeding by State.—Patent void for fraud may be avoided only in direct proceeding maintained by and in name of Commonwealth.
2. Public Lands—Junior Patentee May Not Maintain Action to Cancel Elder Patent for Fraud.—Junior patentee may not in own name or that of the Commonwealth maintain action to cancel elder patent on ground of fraudulent procurement.

HAZELRIGG & HAZELRIGG for appellant.

T. L. EDELEN and LEWIS & LEWIS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an action by a junior patentee in his own name to have canceled an elder patent granted by the Commonwealth to the appellees, upon the ground that the latter was fraudulently procured by using his survey for the purpose. The lower court dismissed the petition, and plaintiff appeals.

A patent void for fraud may be avoided in a direct proceeding for that purpose, but such a suit must be maintained by and in the name of the Commonwealth. Jennings v. Whitaker, 4 T. B. Mon. 51; Bledsoe's Devisees v. Wells, 4 Bibb 329; Marshall, et al. v. McDaniel, 12 Bush 378.

Plaintiff, therefore, had no right to maintain this action in his own name. Nor did he have the right, being a junior patentee, to use the name of the Commonwealth for that purpose, as in Taylor v. Fletcher, 7 B. Mon. 80, it was held the elder patentee should be permitted to do.

Neither is there any proof of the alleged fraud, since it was clearly established by record evidence that appellees' survey was filed in the land office before appellant's survey was made or the county court order entered authorizing it.

Judgment affirmed.