June, 1808.

## DAVID FANNING *against* JARED WILLCOX and LUKE PALMER.

An actual ouster, and adverse possession, continued uninterruptedly for fifteen years, will bar the original proprietor of his right of entry, whether the ouster and adverse possession were by the same person or persons, for the whole term, or by different persons, for different portions of it.

MOTION for a new trial.

This was an action of ejectment; to which the general issue was pleaded.

On the trial, the plaintiff claimed the land in question as devisee under the will of *Thomas Fanning*, deceased; to whom it had been appraised and set off under an execution against *Joseph Noyes*. It was admitted, that the plaintiff had a good and legal title, unless barred by the statute of limitations.

The defendants were in possession, as tenants under *Nathaniel Palmer*. It appeared, that after the levy of *Thomas Fanning's* execution,(a) *Noyes* continued in possession until within fifteen years of the time of bringing this action, but had gained no title. *Nathaniel Palmer*, having no title, then commenced an action of ejectment against *Noyes* for the land. *Noyes* suffered judgment to pass against him by default, and abandoned the land; upon which *Palmer* took possession, without the levy of an execution.

The court, in their charge to the jury, instructed them, that if they should find, that the plaintiff's record title was complete, and the defendants, or those under whom they claim, had no title of record, yet the law

(a) It is not expressly stated in the motion that the levy of *Fanning's* execution took place, and the adverse possession of *Noyes* commenced, more than fifteen years before the plaintiff brought his action; but this was the fact, and the case proceeds entirely upon the supposition of its existence. R.

was so, that if any other person had been in possession of the land, claiming adversely to the plaintiff's title, and the possession of such person, together with the possession of the defendants, and those under whom they claim, amounted to a period of more than fifteen years previous to the commencement of this action, during which the plaintiff was ousted of the possession, he was not entitled to recover. The jury found for the defendants; and the plaintiff moved for a new trial; which motion was reserved for the opinion of the nine judges.

*June, 1808.*

FANNING
v.
WILLGOX.

*Goddard*, in support of the motion, contended, that the plaintiff's record title being established, it was incumbent on the defendants to show, that they had since gained a title by possession. The law will not take away a title from one man, until it can vest it in another.

*Ingersoll*, contra, insisted, that as the plaintiff had not made entry into this land within fifteen years next after his right of entry accrued, his title was for ever gone, by the positive provisions of the statute;(a) and whether the defendants had any title, or not, was wholly immaterial.

BY THE COURT.(b) Actual ouster, and adverse possession, of any lands, tenements, or hereditaments, for fifteen years after the title, or cause of action accrued, and before suit brought, bars the plaintiff of his right of entry thereafter, whether the ouster and adverse possession be by the same person or persons, for the whole term of fifteen years, or by different persons for different periods, making fifteen years in the whole; provided, the disseisin and adverse possession have been continued and uninterrupted; and provided, that the plaintiff does not come within any of the exceptions

(a) *Stat. Conn.* tit. 97. c. 3. s. 2.

(b) BRAINERD and GRISWOLD, Js. having been concerned as counsel in this cause, did not sit.

mentioned in the provisoes of the statute, extending the term of time, in which entry may be made.

New trial not to be granted.