DARIUS B. SMITH AND OTHERS *vs.* HERMON CHAPIN.

To make an adverse possessory title by the possession of successive occupants, the possession must be connected and continuous, but such connection and continuity may be effected by any conveyance, agreement or understanding that has for its object a transfer of the possession and is accompanied by a transfer in fact.

Evidence therefore that an agreement for the sale of certain property by an adverse possessor to one who succeeded him in the possession embraced the land in question, but that it was omitted by mistake in the drafting of the deed, is admissible for the purpose of showing the relation of the possession taken to that relinquished.

A record of a judgment is not admissible for any purpose against a person not a party or privy to it, except to prove the fact that such a judgment was rendered.

TRESPASS *quare clausum fregit;* tried in the superior court before *Carpenter, J.* The defendant pleaded the general issue with notice of proof of title. The jury rendered a verdict for the defendant, and the plaintiffs moved for a new trial for errors in the rulings and charge of the court. The facts are very complicated, and a statement of them would require so much space that it is omitted. The principles of law determined by the court can be sufficiently understood from the opinion.

*N. J. Buel* and *Goodwin,* in support of the motion.

*T. C. Perkins* and *Hubbard,* with whom was *E. Johnson,* contra.

BUTLER, J. The plaintiffs claimed under an unbroken chain of paper title, through several successive grantors, from an ancient conceded owner. The defendant traced his to an adverse possessory one, acquired, as he claimed, against some of those former owners, and enuring to John Manchester, with whom the defendant's chain of paper title began. His claim was two-fold; first, that Joseph Wells, a former occupant, acquired such title, and second, that if the possession of Wells was not sufficient, those of Wells and Manchester were. The evidence offered to show an adverse possession by Wells was not objected to, but the evidence offered to show an adverse possession by Manchester was, and that raised the first question which appears on the motion. The evidence was objected to on the ground that it did not show a sufficient possession in Manchester alone, and could not be lawfully connected with the possession of Wells which preceded it, because there was no privity between them. No privity of *estate* was shown, and if that was necessary the evidence was improperly admitted. But it was not necessary. It is sufficient if there is an adverse possession *continued uninterruptedly* for fifteen years, whether by one or more persons. This was settled in *Fanning* v. *Willcox,* 3 Day, 258. Doubtless the possessions must be *connected* and *continuous,* so that the possession of the true owner shall not constructively intervene between them; but such continuity and connection may be effected by any con-

veyance agreement or understanding which has for its object a transfer of the rights of the possessor, or of his possession, and is accompanied by a transfer of possession in fact. Such an agreement to sell and transfer of possession as were set up in this case, if proved, were sufficient.

Nor was there any error in admitting the evidence offered to prove that the contract of sale embraced the land in question, and that it was left out of the deed by mistake, and that Manchester entered into possession under the agreement. It tended to characterize the possessions of both Wells and Manchester, and to show a transfer of possession, and that the two possessions were connected and continuous. For the same reasons the court properly disregarded the prayer for instruction to the jury, that the evidence could not be admitted or received to affect the rights of the plaintiffs; for it was in effect a renewal of the objection in another form.

The record of the proceedings in chancery between the defendant and Wells was improperly admitted. The plaintiffs were strangers to that proceeding, and it was not admissible for any purpose, except to prove the fact that such a proceeding had been had, as inducement or introductory to some other fact which was relevant and important. But it was not offered for any such purpose. The record disclosed or proved no material fact, except the finding of the agreement of sale and the omission in the deed; which created an equity in favor of the defendant, and entitled him to an injunction, but vested no other right or title in him. Nor could the court make the record admissible by the instructions given. Those instructions regarded the record as admissible in two contingencies. First, the jury were told that if Wells had title, and they found the contract of sale and mistake, then they might regard the record as part of the defendant's chain of title. The import of the charge was, that if Wells had title the proceedings in chancery transferred it. But all that the proceedings resulted in was, to ascertain that the defendant had an equity agains Wells and enjoin him against the exercise of his legal title because it was inequitable for him to do it. That action of the court transferred nothing and vested nothing, and could not

affect the plaintiffs. In the second place the jury were told that if they found the fifteen years' possession, partly by Wells and partly by Manchester, they might regard the record as proving that they were privies in estate, and the two possessions could be tacked to make a title. If there was any privity between the parties it was a privity of possession merely, created by the agreement to sell and the transfer of possession. That privity the record proved, and conclusively, and *that* the jury under the charge would be likely to find to be so conclusively proved by the record. But to prove that the record was not admissible. It is true that the court instructed the jury that the record was admissible *if* they found the contract of sale and transfer of possession; but the court did not expressly tell them that they could not look to the record for conclusive proof of the facts, and it is safe to assume that they were told by counsel on the argument that they could; or, if not, that they may have done so of their own motion, especially as the court instructed them that the record *in connection* with the contract of sale, if found, was admissible *to prove* that Wells and Manchester were "privies in estate," and the record proved privity, if at all, by proving the contract and transfer of possession. We think therefore that the record was improperly admitted, and probably prejudiced the plaintiffs, and a new trial should be advised.

In this opinion the other judges concurred.