## WILLIAM A. WISHART *vs.* JOSEPH McKNIGHT.

Suffolk.   November 22, 1900. — April 1, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

Successive grantors may transfer their possession of a strip of land successively and continuously occupied as part of the granted premises but not included in the description in any of the deeds, and by such continuity of possession for twenty years a title by limitation may be acquired. *Sawyer* v. *Kendall,* 10 Cush. 241, distinguished, and dicta in earlier cases founded on *Potts* v. *Gilbert,* 3 Wash. C. C. 475, disapproved.

WRIT OF ENTRY to recover a strip of land ten feet wide lying
on the westerly side of the demandant's dwelling-house on Pond
Court in the town of Clinton.   Writ dated July 20, 1897.

The tenant had occupied the demanded premises for many
years, but less than twenty years, and to the demandant's writ

pleaded title to the demanded premises.   The above plan was
copied from a plan used at the trial and at the argument before
this court.

At the trial in the Superior Court, before *Fessenden*, J., the demandant put in evidence deeds which showed that he held the record title to the land demanded. The tenant offered in evidence certain deeds under which he claimed title, through mesne conveyances, from one William Speakman under a deed from Hannah Speakman's executor, dated January 10, 1874.

The tenant offered evidence tending to show that his predecessors in title, successively the grantees under the Speakman deed and mesne conveyances, had occupied the demanded premises which adjoined the land conveyed by the terms of the deed and mesne conveyances; and further offered to show that a fence had been maintained by himself and his predecessors in title, enclosing the demanded premises as part and parcel of the premises and dwelling occupied by the tenant and his predecessors; and that this fence had been thus maintained for a period of more than twenty years before the bringing of demandant's writ. That no one of his predecessors, nor the tenant himself, had alone occupied for any continuous period of twenty years the land to which they thus claimed title.

It was agreed that the demanded premises were not covered by any word or any terms of description in any of the deeds, through or under which the tenant claimed title.

The judge thereupon excluded the evidence offered, but admitted evidence offered by the tenant tending to show, that a door appearing upon the side of the tenant's house, as shown by the photograph used at the trial, had existed as it there appeared for a period of more than twenty years before the bringing of the demandant's writ. To the exclusion of the other evidence offered by the tenant the tenant excepted. The photograph is not reproduced, but the situation of the door, with steps extending from it into the locus, is shown on the above copy of the plan.

The demandant's deeds, which were put in evidence, showed that his predecessors in title had the record title by specific description in those deeds to the demanded premises prior to any conveyance of the estate now owned by the tenant to any of the tenant's predecessors who had occupied the demanded premises.

The judge found for the demandant; and the tenant alleged exceptions.

The case was submitted on briefs to all the justices.

*J. W. Corcoran & W. B. Sullivan,* (*A. G. Buttrick* with them,) for the tenant.

*H. Parker & H. H. Fuller,* for the demandant.

LORING, J.  It appears from the photograph and plan made a part of the bill of exceptions that the demanded premises consist of a strip of land ten feet wide between the dwelling-houses of the demandant and of the tenant, running from Pond Court, on which those houses front, to the rear line of the lots ; that the rear of the locus is covered by a barn, used and occupied by the tenant, which is in part on the locus and in part on the land to which the tenant, without question, has a good title; and further, that the tenant's only access by wagon to the barn is over the locus, his dwelling-house being within three and a half feet of the other, that is, the westerly, side line of his lot.  From the deeds put in evidence, it appeared that the record title to the locus was in the demandant.  The tenant introduced in evidence various deeds covering the land on which his dwelling-house stands, but not covering the ten-foot strip in question, the first of these deeds being dated January, 1874; he offered to show that for twenty years prior to the date of the writ, July 20, 1897, each of the grantees in said deeds had occupied the demanded premises and had maintained a fence enclosing them as part and parcel of the premises and dwelling-house occupied by them. It was admitted that no one of these grantees had occupied the locus for a continuous period of twenty years, and that the locus was not covered by the description of the land contained in any of these deeds.  This evidence was excluded, against the exception of the tenant, and the court found for the demandant.  This evidence would have warranted the jury in finding that each of the grantees transferred to his successor his possession of the strip of land in question, and that thereby the demandant was continuously kept out of possession.

The ruling in the court below evidently was made on the authority of *Sawyer* v. *Kendall,* 10 Cush. 241, following dicta in the previous cases of *Ward* v. *Bartholomew,* 6 Pick. 409, 415, *Allen* v. *Holton,* 20 Pick. 458, 465, *Melvin* v. *Proprietors of Locks & Canals,* 5 Met. 15, 32, and *Wade* v. *Lindsey,* 6 Met. 407, 413, cited in that case.

Where possession has been actually, and in each instance, transferred by the one in possession to his successor, the owner of the record title is barred from maintaining an action to recover the land.

· In some cases this conclusion has been reached on the ground that in such a case there is the necessary privity or continuity of possession between the .successive trespassers within the doctrine on which *Sawyer* v. *Kendall* was decided. *Weber* v. *Anderson*, 73 Ill. 439. *Faloon* v. *Seinshauer*, 130 Ill. 649. *Smith* v. *Chapin*, 31 Conn. 530. *Schrack* v. *Zubler*, 34 Penn. St. 38. *Chilton* v. *Wilson*, 9 Humph. 399, 405. *Vandall* v. *St. Martin*, 42 Minn. 163. *Crispen* v. *Hannavan*, 50 Mo. 536. *Adkins* v. *Tomlinson*, 121 Mo. 487, 494. *Coogler* v. *Rogers*, 25 Fla. 853, 882. *Rowland* v. *Williams*, 23 Or. 515. *Shuffleton* v. *Nelson*, 2 Sawyer, 540. *Winn* v. *Wilhite*, 5 J. J. Marsh. 521, 524.

· There are other cases which reach the same result by a different road. These cases go on the ground that the position of a tenant, who seeks to make out the defence of the statute of limitations by proving the possession of a succession of persons, is not like that of one who seeks to establish an easement by showing that a succession of persons had prescribed for it. These cases hold that in case of the defence of the statute of limitations the only question is, whether the demandant has .been kept out of possession continuously for the legal time, not whether the persons who kept him out of possession held one under the other. *Carter* v. *Barnard*, 13 Q. B. 945, 952. *Dixon* v. *Gayfere*, 17 Beav. 421, 430. *Willies* v. *Howe*, [1893] 2 Ch. 545, 553. *Fanning* v. *Wilcox*, 3 Day, 258. *McNeely* v. *Langan*, 22 Ohio St. 32. *Shannon* v. *Kinney*, 1 A. K. Marsh. 3. , *Scheetz* v. *Fitzwater*, 5 Penn. St. 126. And see *Chapin* v. *Freeland*, 142 Mass. 383, 387 ; *Harrison* v. *Dolan*, 172 Mass. 395, 397.

Where possession of land has been held for the statutory period by successive disseisors or trespassers, the defence of the statute is not made out if the possession has not been continuous, because where a disseisor in fact abandons his possession and leaves the land vacant, the seisin of the true owner reverts; there is a new departure from that time, and the owner can rely on his new seisin by reverter as the ground of an action within the statutory period. *Agency Co.* v. *Short*, 13 App. Cas. 793. *Sol-*

*ling* v. *Broughton*, [1893] A. C. 556, 561. *Cunningham* v. *Patton*, 6 Penn. St. 355, 358, 359. *Louisville & Nashville Railroad* v. *Philyaw*, 88 Ala. 264, 268. *Jarrett* v. *Stevens*, 36 W. Va. 445, 450.

In *Sawyer* v. *Kendall* the lot in controversy had been set off to the grantor of the demandant, and the lot next to it to the tenant, in the partition of their father's estate made by commissioners duly appointed. The premises in controversy and the parcel of land set to the tenant were then enclosed by one fence, and so remained until the lot in controversy was conveyed to the demandant. He put up a fence between the two lots and brought the writ of entry to recover possession of his lot in the same month in which it was conveyed to him, namely in March, 1848. Both lots " were mostly used as pasture land, and were approached in two ways, both of which led across the latter [the demanded premises]. The tenant proved that during the life of her husband the premises in dispute, and the parcel set to her, had been used by him, and since his death by her, by turning cattle into the parcel set to the tenant; and that they thence went into and depastured the tract in controversy. It also appeared that the tenant had gathered apples from the trees on the latter place, and driven cattle over and across the same. This use, as aforesaid, was exercised by the husband of the tenant from 1820 till 1832, and from that time till the date of the writ, by the tenant herself; more than thirty years in the whole."

*Sawyer* v. *Kendall*, therefore, was a case where no continuity of possession had been made out by the tenant, and the decision was finally put upon that ground. After stating that during her coverture the tenant could commit no act of disseisin, and that until the death of her husband he was in possession by his own act of disseisin, the opinion is as follows: " She shows no deed or devise of the land to herself by her husband. Upon his death, therefore, the seisin was in his heir at law, or the seisin of the true owner revived, and the subsequent disseisin by her was her own separate act, unconnected with the previous disseisin of her husband."

It would be going very far to hold that the possession of the husband and that of his wife after his decease were continuous, where the only act relied on to make out adverse possession con-

sists in turning out on the tenant's land cows which stray thence on to the land in controversy, — there being no fence between the two, — supplemented by an occasional gathering of apples from the demandant's land. *Sawyer* v. *Kendall* went no farther than that.

We are of opinion that that case is to be confined to the point actually decided, and cannot be held to be an authority for all the statements in the opinions in that case and in the cases cited.

Where a trespasser in possession of land actually transfers his possession to another, or where one disseisor is disseised by another, it is not true, as was held in *Potts* v. *Gilbert*, 3 Wash. C. C. 475, that there is in contemplation of law of necessity a momentary reverter of seisin to the true owner, for the reason that a trespasser or a disseisor has nothing which he can transfer to another. *Potts* v. *Gilbert* was a decision of the Circuit Court of the United States sitting to try an action of ejectment to recover land in the State of Pennsylvania; the decision was promptly repudiated by the Supreme Court of that State in *Overfield* v. *Christie*, 7 S. & R. 173, and had ceased to be an authority when first cited in this Commonwealth in *Allen* v. *Holton*, 20 Pick. 458. See also the subsequent cases of *Scheetz* v. *Fitzwater*, 5 Penn. St. 126, 131; *Moore* v. *Small*, 9 Penn. St. 194, 196. It is settled that one who has the possession of land is thereby invested with a right to that land which, in the absence of a better title, will be enforced by law; *Slater* v. *Rawson*, 6 Met. 439; *Hubbard* v. *Little*, 9 Cush. 475; *Currier* v. *Gale*, 9 Allen, 522; Pollock & Wright on Possession, 95–98; and this possession and the right arising out of it may be transferred *in pais* to another.

*Exceptions sustained.*