EDWARD F. PORTER *vs.* LEWIS W. HOWES & another.

Suffolk.   December 2, 1908. — May 20, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Equity Pleading and Practice,* Appeal.   *Equity Jurisdiction,* To redeem from equitable mortgage.   *Payment.   Adverse Possession.*

Upon an appeal from a decree made by a judge who heard the case upon oral evidence, which was taken by a commissioner and all of which was before the court, the findings of the judge contained in a memorandum filed by him will not be disturbed unless upon all the evidence they appear to be clearly wrong.

In a suit in equity, in which the bill alleged the existence of an equitable mortgage created by a deed of certain real estate from the plaintiff to the defendant executed and delivered thirty-one years before the filing of the bill and an instrument executed on the same day by the defendant agreeing to reconvey the real estate on the payment of all indebtedness for professional services rendered and to be rendered by the defendant for the plaintiff, the judge who heard the case found, upon evidence which warranted his findings, that, three years after the instruments described in.the bill were executed and delivered, the defendant, having rendered many services to the plaintiff for which he never had been paid, asked the plaintiff for money on account, but that the plaintiff was unable to give him any, that the defendant stated that his bill was very much in excess of the value of the property, that it then was agreed orally that the plaintiff would surrender all claim or right to a reconveyance, and that from that time on the defendant collected the rents, paid the taxes, made repairs and managed the property as absolutely his own, rendering· no account, that the agreement of reconveyance previously executed by the defendant was not

redelivered to him for the reason that he did not deem this necessary, that thereafter the defendant never presented any bill to the plaintiff and that the plaintiff never asked for one and made no offer of payment, that some correspondence took place between the plaintiff and the defendant at long intervals, in which no claim was made by the plaintiff to any right or interest in the property, and that no reference was made by the plaintiff to any such right from the time he orally agreed to surrender all right or claim to a reconveyance of the property until twenty-eight years later, when he filed his bill. The judge made a decree that the bill be dismissed, and the plaintiff appealed. *Held*, that the decree should be affirmed; that it was not necessary to inquire whether the original transaction constituted a conveyance in trust or equitable mortgage, or whether it was a simple agreement by the defendant to reconvey the real estate upon being paid within a reasonable time the amount which should be due to him for his services, because it could have been found that the plaintiff, twenty-eight years before the filing of his bill, had surrendered any right or claim to a conveyance, and that what took place at that time operated as a payment of the defendant's bill, *pro tanto* at least, if not in full, and an acceptance of the property by the defendant as such payment, and also because it could have been found that, if the plaintiff ever had any right in or to the property as mortgagor or *cestui que trust*, he had lost it by reason of the adverse possession of the property by the defendant under a claim of right and with the knowledge of the plaintiff for a period of more than twenty years.

BILL IN EQUITY, filed in the Superior Court on October 12, 1907, alleging an equitable mortgage created by the conveyance on January 25, 1876, by the plaintiff to the defendant Howes of a certain parcel of real estate on Bremen Street in that part of Boston called East Boston, and by an instrument executed by the defendant Howes on the same day as follows: " Boston, Jan. 25, 1876. Recd of Edward F. Porter a deed of real estate in East Boston consisting of a lot of land and stable thereon, and which is to be reconveyed to him on payment of all indebtedness to me and G. A. Somerby & Sohier & Welch or either of us on account of services rendered or which any or all of us may render for him he having retained us as his attorneys in all matters. L. W. Howes."

The bill prayed, among other things, for an accounting and a reconveyance.

In the Superior Court the case was heard by *Gaskill*, J., who made a memorandum of findings containing the facts which are stated in substance in the opinion. The judge made a final decree that the bill be dismissed; and the plaintiff appealed.

*H. P. Brown*, for the plaintiff.

*H. G. Allen*, (*L. W. Howes* with him,) for the defendants.

MORTON, J.  The plaintiff contends that the deed from him to the defendant Howes, and the agreement signed and delivered by the respondent to the plaintiff, which the judge found was a part of the same transaction with the execution and delivery of the deed, together constituted either an equitable mortgage or a conveyance in trust, and he seeks an accounting by the defendant Howes, whom we shall speak of as the defendant, and a reconveyance upon payment by him of what, if anything, shall be found due from him to the defendant.

The case was heard by a judge of the Superior Court upon oral evidence which was taken by a commissioner, and is all before us.  The judge filed a memorandum of his findings, and in accordance therewith a decree was entered dismissing the bill.  The plaintiff appealed.

The general rule is well settled that in a case, heard as the one before us was, the findings of the judge who heard it will not be disturbed unless upon all the evidence they appear to be plainly wrong.  *Jennings* v. *Demmon*, 194 Mass. 108.  *Reed* v. *Reed*, 114 Mass. 372.

The judge found that at the time when the deed was executed and was delivered by the plaintiff to the defendant the relation of client and counsel existed between them, and that a large amount of litigation in which the plaintiff would be involved was anticipated.  Some suits had been brought against him and many others followed, and the defendant acted as attorney for the plaintiff in all of them — about twenty in all.  Most of the services rendered by the defendant to the plaintiff were performed between January, 1876, and January, 1880, the cases being finally disposed of largely in 1877, 1878 and 1879, all but two before 1883, one in 1883 and the last in 1887.  No money was ever paid to the defendant except a small sum in 1877 or 1878 on account of the expenses in one of the cases.  The plaintiff had no money that he could conveniently pay to the defendant, being embarrassed by reason of attachments on his property and judgments against him.  It was agreed at the time that the deed was executed and delivered that the plaintiff should for a time collect and retain the rents, and he did so till May or June, 1879, and paid the taxes for 1876 and 1877.  In May or June, 1879, the defendant asked the plaintiff for money on account, but the

plaintiff was unable to give him any and the defendant stated that his bill was very much in excess of the value of the property; and it was then orally agreed that the plaintiff would surrender all claims or right to a reconveyance, and from that time on the defendant collected the rents, paid the taxes, made repairs and managed the property as absolutely his own. The agreement was not delivered to the defendant for the reason that he did not deem it necessary that it should be given up to him. No bill was ever rendered by the defendant to the plaintiff, and after 1880 the plaintiff never asked for one and made no offer of payment, and the defendant has made no effort to collect his bill except so far as the property in suit is concerned. Some correspondence took place at long intervals before 1907, but no claim to any right or interest in the property and no reference to any claim or right was made by the plaintiff from May, 1879, when the plaintiff surrendered as aforesaid all claim to the property or to a reconveyance, till September, 1907, when the plaintiff made what was, in effect, a demand for an accounting and a reconveyance, which was refused by the defendant, and thereupon this suit was brought.

Though there was a conflict of evidence in regard to some of these findings, they were well warranted, and, in view of them, we do not see how it can be said that the decree dismissing the bill was erroneous.

It is not necessary to inquire whether the original transaction constituted a conveyance in trust or an equitable mortgage, as to which see *Campbell* v. *Dearborn*, 109 Mass. 130, and *McDonough* v. *Squire*, 111 Mass. 217, or whether it was a simple agreement for reconveyance by the defendant upon being paid within a reasonable time the amount which should be due him for his services. What took place in May or June, 1879, constituted, or could be found to constitute, (the findings are not so clear in that respect as could be desired), a giving up of the property by the plaintiff and a surrender by him of any right or claim to a reconveyance as a payment, *pro tanto* at least, if not in full, of the defendant's bill, and an acceptance of the property as such payment by the defendant. In view of the subsequent conduct of the parties such would seem to be the only reasonable explanation of the transaction which is found to have then taken place.

It could also have been found, and we construe the memorandum of the presiding judge as meaning that he so found, that from May or June, 1879, the defendant has been in continuous possession of the property not as trustee or mortgagee but under a claim of right in his own behalf in repudiation of any trust or mortgage, of all which the plaintiff has had notice and in which he has acquiesced, so that if the plaintiff ever had any right in and to the property as mortgagor or *cestui que trust* he has lost it by reason of long continued adverse possession on the part of the defendant.

The views which we have expressed as to the effect of the findings made by the presiding judge render it unnecessary to consider what the result would be if the relation of trustee and *cestui que trust* or mortgagee and mortgagor was originally created between the defendant and the plaintiff and had continued to exist.

*Decree affirmed.*