WALTER F. FREDERICK, receiver, *vs.* CARR F. LETTENEY.

Suffolk.   December 2, 1912. — February 26, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Equity Jurisdiction*, To set aside mortgage.   *Corporation.*

In a suit in equity to set aside a mortgage purporting to have been made by a corporation and alleged to have been executed without authority, the trial judge found, upon evidence warranting such a finding, that not more than one director of the corporation took part in authorizing the execution of the mortgage or in passing a vote under which such mortgage was given, and that the mortgage did. not bind the corporation. *Held,* that this finding, not being clearly wrong but on the contrary supported by the evidence, must stand.

BILL IN EQUITY, filed in the Superior Court on February 9, 1912, by the receiver of the C. F. Letteney Company, a corporation, seeking to set aside a certain mortgage purporting to have been given by that corporation to the defendant to secure a debt of $3,900, which was alleged to have been procured by the defendant for the purpose of obtaining a preference over other creditors of the corporation and also to be void because executed without authority.

The case was heard by *Hardy,* J., who made a memorandum of findings, including the finding which is quoted in the opinion. He ordered that the plaintiff should be granted the relief prayed for in the bill and should receive his costs.   From a final decree entered in accordance with this order the defendant appealed.

*L. Cowan,* for the defendant, submitted a brief.

*H. Bergson,* for the plaintiff.

HAMMOND, J.   As to the execution of the mortgage the trial judge found as follows: "I find that under the eighth section of the bill . . . the mortgage was not executed by the corporation in accordance with its by-laws, and nothing appears upon the face

of the record as to what authority was given to the president of the corporation to execute the note or the mortgage. At the meeting of the directors who, under the by-laws and constitution, were the ones who managed the business affairs of the company, I do not find upon the evidence that more than one director took part in the execution of such mortgage, either by granting authority or by passing a vote whereby such mortgage was given. Inasmuch as there was not a sufficient number of directors present to confer such authority to execute the mortgage, such mortgage did not bind the corporation and is invalid."

This finding, unless clearly wrong, must stand. *Porter* v. *Howes,* 202 Mass. 54. Upon a careful examination, the finding, especially that part relating to the number of directors present at the meeting, appears to be abundantly supported by the evidence.

*Decree affirmed with costs.*