JOHN W. MATTHYS *vs.* FIRST SWEDISH BAPTIST CHURCH OF BOSTON.

Suffolk.   March 20, 1916. — April 11, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Easement*, By prescription. *Equity Jurisdiction*, To enjoin continuing trespass.

Where for a period of more than twenty years the roof of a building openly and conspicuously has extended four feet over the adjoining land, causing water to drip and snow and ice to fall thereon, the boundary line between the two lots of land running through the centre of the wall of the building over and beyond which the roof extends, and where during this period there have been different successive owners of both of the lots of land but the lots never during the period have been owned by the same person and the extension of the roof beyond the boundary always has been maintained under a claim of right, an easement by prescription has been established, and a bill in equity by the owner of the servient estate to restrain the owner of the dominant estate from permitting the roof to project over the plaintiff's premises must be dismissed.

CARROLL, J.   The plaintiff and the defendant own adjoining estates.   The roof of the defendant's church, built before 1860, extends a distance of four feet over the plaintiff's land, permitting snow and ice to fall thereon.

In 1883 title to the above estates was in the same owner.   December 5 of that year the land now owned by the plaintiff was

conveyed to a predecessor in title by deed, which established as the division line between the two tracts "a straight line through the centre of the Westerly wall of the stone meeting house now standing on the corner of said Shawmut Avenue and Rutland Street and now owned by grantor 100 feet to Newland Street; and this last named line shall be the center line of a partition wall which the parties hereby establish." This deed also contained the stipulation, "And said lot is conveyed with this restriction, to wit: 'The said grantee . . . shall not erect . . . on the granted premises any building opposite the three windows as marked on said plan (being the 2nd, 3d and 4th windows in the audience room of said stone church counting from Shawmut Ave.) which shall come nearer to said windows from the southerly side of said 2nd window to the northerly side of said 4th window than a perpendicular plane parallel to side wall and five feet distant therefrom. . . . This restriction shall hold in force only so long as the adjoining lot and building shall be used by the grantor, its successors or assigns, as a meeting house or church." All the mesne conveyances contain these same provisions.

In 1884 the common owner conveyed the church lot to the First Free Will Baptist Society of Boston, from whom the defendant by mesne conveyance derived title.

This is a bill in equity to restrain the defendant from permitting its roof to project over the plaintiff's premises. In the Superior Court the bill was dismissed, the judge * finding that "There has been no change in the structure of the buildings on the premises for more than twenty years, and no change in the method of their use. And any use has been continuous, open and under claim of right." The case is before us on a report.

For more than twenty years the church has stood on this same place, with its roof projecting over the land of the plaintiff. This has been open and plain to be seen. The use has been continuous and unbroken, under a claim of right, not merely permissive. The judge who heard the evidence so found. It is too clear for discussion that from such an unbroken, notorious and adverse occupation, extending over such a period, a title by prescription arises. R. L. c. 130, § 2. *Porter* v. *Howes*, 202 Mass. 54. *Keats* v. *Hugo*, 115 Mass. 204, 217.

---

* *Wait*, J.

The projection was of such a kind and so open that the owner of the servient estate must have known it. There is nothing in *Buss* v. *Dyer*, 125 Mass. 287, which conflicts with the rulings and findings of the court. Because the occupation was continuously open and adverse, the defendant's prescriptive title is not disturbed by the fact that during the period there were different owners of both the dominant and servient estates. *Leonard* v. *Leonard*, 7 Allen, 277.

The plaintiff contends that no evidence is stated in the report that the several successive owners claimed this easement. The judge found that the use of the roof was under a claim of right. This is a finding that each owner claimed the right to have the roof project over the plaintiff's land.

Nor is the defendant estopped, as the plaintiff claims, because the boundary line is through the centre of the westerly wall of the stone meeting house. The line divides the two estates. There is nothing in this language which works an estoppel on the defendant, or deprives it of its title to the easement over the plaintiff's land.

Since the defendant has a right by prescription to maintain the projecting roof, it is unnecessary to pass upon the question of its title by implied reservation, created by the deed of December 5, 1883.

*Final decree dismissing the bill affirmed.*

*J. M. Browne*, (*J. T. Maguire* with him,) for the plaintiff.

*T. Von Rosenvinge*, for the defendant, was not called upon.