## NAPOLEON F. ROBERT *vs.* ABIGAIL P. O'CONNELL.

Hampden.    September 19, 1929. — January 2, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Estoppel. Prescription. Easement.*

In a suit in equity to enjoin the defendant from encroaching on a certain alley, the following facts appeared: a water power corporation in 1885 conveyed land by a deed which bounded it on the center line of the alley and specifically provided that the portion of the alley thus conveyed should "be forever kept open as a passageway in common free from all obstructions and nuisance made or permitted by the grantee his heirs or assigns," and the grantor reserved to itself, its successor and assigns and to the city where the land was "the right at all times to enter upon said Alley to lay water and gas pipes, construct Sewers and repair the same and to do whatsoever is necessary to be done for the public interest and convenience." The grantee and his successors and assigns openly, adversely and continuously for more than thirty years before 1928 maintained structures upon the portion of the alley above described which were an encroachment upon the easement granted by the deed. The land in 1903 was conveyed by a deed of the devisee of such grantee containing no reference to an alleyway restriction or reservation, and, in 1908, it was conveyed to the defendant by a deed which bounded it on "the center line of an alley or common passageway. . . . Said premises are conveyed subject to the usual alleyway restrictions." In 1924 the corporation conveyed to the plaintiff land on the other side of the alleyway containing provisions as to the alley like those in the deed to the defendant's predecessor. The bill was dismissed. *Held*, that

(1) At the time the plaintiff took title, his grantor, the corporation, by reason of the prescriptive right gained by the defendant and his predecessors in title, no longer had any right to enforce the agreements and reservations in its deed to the defendant's predecessor; and therefore the plaintiff and the defendant did not stand in the relation of parties or privies to the deed from the corporation to the defendant's predecessor and the deed to the defendant;

(2) The recitals in the deed to the defendant, "Said premises are conveyed subject to the usual alleyway restrictions," did not estop the defendant from showing that those usual alleyway restrictions previously had been destroyed by prescription, and from including in the period necessary to establish that prescription a time of adverse use by himself in addition to the time of adverse use by his predecessors in title and occupation;

(3) The bill rightly was dismissed.

One, who holds premises in part conveyed by deed and in part occupied
openly, continuously and adversely to the record owner, for a period of
over twenty years by himself and his predecessors in title, is not pre-
vented from establishing his title to the whole by the fact that his deed
does not describe and, in strictness, convey that whole. Per WAIT, J.

BILL IN EQUITY, filed in the Superior Court on October 9,
1926, seeking to enjoin the defendant from encroaching
upon and obstructing a certain alleyway.

In the Superior Court, the suit was referred to a master.
Material facts found by the master are stated in the opinion.

By order of Greenhalge, J., there were entered an inter-
locutory decree confirming the master's report and a final
decree dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*N. P. Avery, A. S. Gaylord & R. L. Davenport,* for the
plaintiff.

*J. F. Kelly,* for the defendant.

WAIT, J. The plaintiff appeals from a decree confirming
a master's report, and from a final decree dismissing his
bill with costs. The report of the special master shows
facts as follows: At some time before July 1, 1885, the
Holyoke Water Power Company had been the owner of all
the land lying in the block between Lyman Street, Summer
Street, Ely Street and North Bridge Street in Holyoke
except a portion known as the Bowers and Mosher tract
which fronted upon Ely Street. On July 1, 1885, it con-
veyed to Michael Collins a lot fronting easterly on Summer
Street and bounding westerly, according to the deed, upon
"the center line of an alley or common passageway" "six-
teen (16) feet wide, leading out of and from Lyman Street."
The deed set out "Eight (8) feet in width of said Alley lies
upon and is a part of the whole westerly end of the lot
herein conveyed and is to be forever kept open as a passage-
way in common free from all obstructions and nuisance made
or permitted by the grantee his heirs or assigns, and the
grantor reserves to itself, its successors and assigns and to
the City of Holyoke the right at all times to enter upon said
Alley to lay water and gas pipes, construct Sewers and repair
the same and to do whatsoever is necessary to be done for

the public interest and convenience." A passageway sixteen feet wide extended from Lyman Street to Ely Street and had been in common use for many years. The city of Holyoke had, in 1881, laid a sewer throughout its length and substantially along its center line. That way lay, in part, upon the rear eight feet of the lot conveyed to Collins, but, chiefly, lay to the west of the premises described in the deed to him, unless it was itself the way referred to in that deed. The master has found that it was not the sixteen-foot strip had in mind and intended to be used as a boundary by the grantor. The strip so intended was a continuation of the northerly part of the commonly used way previously described in a straight line to the southeast. It came to a dead end at the northerly line of the Bowers and Mosher tract, and did not extend through to Ely Street. It might, however, be correctly described as "leading out of and from Lyman Street." It appeared that the Holyoke Water Power Company had designed and laid out a way sixteen feet wide extending from Lyman Street south through its land in a straight line to the Bowers and Mosher tract ending there and forming a cul-de-sac; but that those who used the passage, deviated from the straight line at a point some seventy-five or eighty feet north of the Bowers and Mosher tract, and somewhat northerly of the northern line of the lot conveyed to Collins, and then travelled southwesterly to Ely Street in a sixteen-foot strip across land of the power company to a sixteen-foot passageway from Ely Street laid out over the Bowers and Mosher tract westerly of the point where the power company way would have intersected Ely Street had it been extended thither in a straight line. Collins and his successors in title maintained a fence, a shed, or a garage on the easterly line of the passageway as actually used for more than thirty years before 1928, and have occupied to that easterly line; and, thus, have encroached upon the eight feet which by the language of the deed to Collins was to be kept open as a way. The master found that the public has a prescriptive right of way over the sixteen foot passage upon land formerly of the power company as actually used, *Common-*

*wealth* v. *Coupe,* 128 Mass. 63, and that Collins and his successors have to the extent indicated used the land subjected to the easement referred to in the deed to Collins openly, adversely and continuously in disregard of that easement.

Collins died in 1889 leaving his property by will to his wife, Johanna. She died, and her executor, who was also devisee, in 1903 conveyed to Michael Shea by a deed which described the premises as in the deed to Collins but omitted any reference to alleyway restrictions or reservations. In 1908 Shea conveyed to the defendant, bounding easterly on "the center line of an alley or common passageway (which passageway is sixteen (16) feet wide, leading out of and from Lyman Street)" and reciting, "Said premises are conveyed subject to the usual alleyway restrictions."

The plaintiff owns land extending from the Collins lot to North Bridge Street, which was conveyed to him January 2, 1924, by the power company. The deed bounds the premises conveyed easterly by "the center line of an alley or common passageway, which passageway is sixteen (16) feet in width leading out of and from said Lyman Street" and provides that "Eight (8) feet in width of said alley lies upon and is a part of the whole easterly end of the lot herein conveyed and is to be forever kept open as a passageway in common, free from all obstructions and nuisance made or permitted by the grantee, his heirs or assigns, and the grantor reserves to itself, its successors and assigns, the right of passage therein on foot and with vehicles, and also the right at all times to enter upon said alley to lay down and use water and gas pipes, construct and use sewers, and repair the same and do whatsoever is necessary to be done for the public interest and convenience."

The plaintiff sought the removal of the defendant's fence and garage, and an injunction against obstruction of the right of way referred to in the deed to Collins. He contends that the defendant is estopped by her deed from asserting that the location of the alley is other than as described in her deed, or that the rights appearing of record have been extinguished.

We do not think the contention sound. There is no strict estoppel by deed here; for such an estoppel arises only when the suit is upon the deed or concerning a right arising out of the deed, and is between parties or privies to the deed. *Merrifield* v. *Parritt,* 11 Cush. 590, 598, and cases there cited, *Holt* v. *Sargent,* 15 Gray, 97, 102, *Claflin* v. *Boston & Albany Railroad,* 157 Mass. 489, 497.

The plaintiff and defendant do not stand in the relation of parties or privies to the deed to Collins or to the defendant. At the time when the plaintiff took title, his grantor, the power company, had no right to enforce the agreements and reservations of the Collins deed. It had been barred by a prescriptive right acquired by Collins and his successors to the enjoyment of the land held by them free from any right of way up to the easterly line of the common passageway from Lyman to Ely Street as actually used. *Wishart* v. *McKnight,* 178 Mass. 356. One who holds premises in part conveyed by deed and in part occupied openly, continuously, adversely to the record owner, for a period of over twenty years by himself and his predecessors in title is not prevented from establishing his title to the whole by the fact that his deed does not describe and, in strictness, convey that whole. *Goddard* v. *Dakin,* 10 Met. 94, 101. *Claflin* v. *Boston & Albany Railroad, supra. Warren* v. *Bowdran,* 156 Mass. 280. *Beckman* v. *Davidson,* 162 Mass. 347. *Hillside Co-operative Bank* v. *Cavanaugh,* 232 Mass. 157. *Van Allen* v. *Sweet,* 239 Mass. 571. *Tobey* v. *Taunton,* 119 Mass. 404, and *Howe* v. *Alger,* 4 Allen, 206, are distinguishable.

He is free to show the fact in spite of his acceptance of the deed. Here, the acceptance of a deed reciting the premises to be subject to the usual alleyway restrictions, (although they were the same as those set out in an earlier deed creating them), does not preclude the grantee from showing that those usual alleyway restrictions have been destroyed by prescription, and from including in the period necessary to establish that prescription a time of adverse use by himself in addition to the time of adverse use by his predecessors

in title and occupation. *Jordan* v. *Riley,* 178 Mass. 524. *Wishart* v. *McKnight, supra.* *Bond* v. *O'Gara,* 177 Mass. 139. *Matthys* v. *First Swedish Baptist Church of Boston,* 223 Mass. 544.

The situation is not as if the defendant had taken a deed from one rightfully creating encumbrances on the granted premises.

The view which we have taken renders it unnecessary to consider whether the passageway in actual use was a monument in the deed to Collins, constituting in its central line the true westerly bound of the premises conveyed.

*Decrees affirmed, with costs.*