Hillsborough, } No. 3871.
Jan. 3, 1950. }

ANNIE ALUKONIS *v.* ARTHUR J. KASHULINES *& a.*

*Morris D. Stein* (by brief and orally), for the plaintiff.

*Hamblett, Griffith & Moran* (*Mr. Griffith* orally), for the defendants.

BLANDIN, J. Although there must be a new trial for reasons hereinafter stated, the Court correctly denied the defendants' motions for a nonsuit and directed verdict.

Upon the evidence most favorable to the plaintiff, the jury could find that she and her predecessors in title had fenced in the disputed two rod strip of land along the southerly boundary of her property, cultivated it and in general exercised open, undisputed and frequent dominion over it for thirty-five years whenever the occasion arose. This use during this entire period was sufficient to give the plaintiff title. *Jean* v. *Arsenault*, 85 N. H. 72, 74, 75; *Gowen* v. *Swain*, 90 N. H. 383, 386; *Pease* v. *Whitney*, 78 N. H. 201. However, the defendants claim that the plaintiff may not tack the possession of her predecessors because the deeds in her chain of title do not include the strip in question, and cite authority in support of this proposition. It is significant that among the authorities cited, including both 46 A. L. R. 792, 793; and 1 Am. Jur., Adverse Possession, s. 156, and 1949 Supp.; it is stated that the rule forbidding tacking under these circumstances is "very sharply limited" to cases where only the deed

is relied on "and there is no circumstance showing an intent to transfer the possession of any property beyond the calls of the deed." In the case before us there was evidence the plaintiff was shown the bounds, which included the two rod tract, by her predecessor in title and that this tract had been inclosed and cultivated for many years by the plaintiff and her predecessors. This appears sufficient to support the plaintiff's right to tack. *Wishart* v. *McKnight*, 178 Mass. 356; 2 C. J. S., Adverse Possession, *s.* 131. See also, *Hoban* v. *Bucklin*, 88 N. H. 73, 85, and authorities cited.

The remaining exceptions of the defendants are to the refusal of the Court to allow the introduction of three quitclaim deeds relating to the defendants' record title, or to permit their counsel to argue that the exclusion of the disputed strip from the plaintiff's deed indicated that the plaintiff and her predecessors in title did not claim a prescriptive right. The jury had already been instructed that record title to the two rod piece was in the defendants. Furthermore their counsel was allowed in argument to stress this and also the fact that all the deeds in plaintiff's chain of title contained the same description excluding the strip in question. It was discretionary with the Court whether to permit the introduction of the deeds themselves, since they were merely cumulative matter. *Hackett* v. *Railroad*, 89 N. H. 514, 519. The exception to the exclusion of the argument relative to the intention of the plaintiff's grantor stands upon a different footing. The argument, based upon relevant evidence, was proper and, since it cannot reasonably be found that its exclusion was not prejudicial to the defendants, there must be a

*New trial.*

DUNCAN, J., dissented, being of the opinion that defendants' exceptions should be overruled; the others concurred.