No. 16,568.

PRESTRUD ET AL. *v.* YOUNG ET AL.

(242 P. [2d] 613)

Decided July 16, 1951.

Mr. JACKSON M. SEAWELL, Mr. EDWARD A. JERSIN, for plaintiffs in error.

No appearance for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE JACKSON delivered the opinion of the court.

PLAINTIFFS in error, who were plaintiffs in the trial court, brought an action for the determination of interests in real estate, claiming title by adverse possession to a tract of approximately two acres in Jefferson county. They seek reversal of the trial court judgment which was unfavorable to them,

The trial court found that the plaintiffs do not have necessary title, or color of title, to support this action, because their evidence tended to prove one Payne obtained title to the disputed area by adverse possession and never has conveyed his title to plaintiffs, or their predecessors in interest, or to anyone else so far as is disclosed by the record in this case.

The undisputed evidence shows that plaintiffs and defendants are neighborly property owners, their fence lines in respect to property involved in this case being separated by a public road. Defendants acquired title by deed conveying eleven acres, more or less, the discription of which included the two-acre tract here in question. Plaintiffs acquired title to their larger tract by deed from Payne, which did not include in its description the two-acre tract in controversy. The undisputed evidence also disclosed that Payne's fence included in his land the two-acre tract, and that when he sold to plaintiffs they were informed by Payne that the fence marked the exterior boundaries of his land. Payne, under the impression that he owned the two-acre tract in question, exercised complete jurisdiction over the property during his ownership of his other land for a period of some fifty-three years. He sold to plaintiffs in January, 1948. The latter assumed possession of the two-acre tract when they acquired the rest of Payne's property. The evidence further shows that defendants acquired their property November 10, 1947, and that neither they nor their predecessors in interest have at any time been in possession of the two-acre tract during the fifty-three years Payne was in possession, nor since then. It was in the Spring of 1949 that they first became aware, through a survey, that the description in their deed included the two-acre tract in question.

Plaintiffs in error present two specifications of points: 1. Plaintiffs obtained fee title to the area in dispute by adverse possession; and 2. The boundaries of plaintiffs' land have been established to include the disputed area.

We are of the opinion that both these specifications have merit.

It appears that the trial court recognized the fact that Payne had acquired title to the two-acre tract through adverse possession, occurring through a mutual mistake in boundaries. *Vade v. Sickler,* 118 Colo. 236, 195 P. (2d) 390; *Lively v. Wick,* 122 Colo. 156, 221 P. (2d) 374. It took the position, however, that Payne had not conveyed to plaintiffs the two-acre tract which he had acquired by adverse possession. Payne testified that he was not now claiming ownership; on the contrary, he stated he thought he was selling and conveying to plaintiffs all the land within his exterior fence lines, which included the two-acre tract in question. He gave plaintiffs possession of the latter when he sold to them.

This case would appear to be controlled by *Trueblood v. Pierce,* 116 Colo. 221, 179 P. (2d) 671, 171 A.L.R. 1270, in which we recognized the principle of tacking as applied to those who had privity of possession, and to that extent overruled *Evans v. Welch,* 29 Colo. 355, 68 Pac. 776.

In the more recent case of *Lively v. Wick, supra,* we recognized, and applied, the foregoing principle. These recent Colorado cases seem to be in accord with the great majority of decisions in other jurisdictions in this country, as well as with the principles laid down in the leading texts. See, *Rock Springs v. Sturm,* 39 Wyo. 494, 273 Pac. 908, 97 A.L.R. 1, including annotation beginning at page 14; *Tripp v. Bagley,* 74 Utah 57, 276 Pac. 912, 69 A.L.R. 1417, including annotation beginning at page 1430; 8 Am. Jur., pages 802-804, sections 80 to 82, inclusive; 1 Am. Jur., page 880, section 153, page 883, sections 157 and 158; *Alukonis v. Kashulines,* 96 N.H. 107, 70 A. (2d) 202, 17 A.L.R. (2d) 1125. The annotation in 17 A.L.R. (2d) following the last above mentioned case, beginning at page 1128, deals with the subject, "Tacking adverse possession of area not within description of deed or contract." The above mentioned Colorado cases follow

the majority doctrine, namely: "At the present time, making allowance for contrary rulings still apparently adhered to in a few jurisdictions, the cases, especially the later ones, run generally to the effect that in order to permit the tacking of successive adverse possessions of vendor and purchaser of an area not within the premises as described in the deed or contract but contiguous thereto, the composite fact to be established is the intended and actual transfer or delivery of possession of such area to the grantee or vendee as successor in ownership or claim." 17 A.L.R. (2d), p. 1131.

At page 1168, §10, of the foregoing annotation, among the numerous cases cited as support for the following statement is the Colorado case of *Lively v. Wick, supra:* "In most jurisdictions, and under the circumstances of most cases, the successive adverse possessions of vendor and purchaser of an area not within the description of the deed or contract but lying along and extending up to a fence apparently marking the boundary line between the land sold and neighboring land may be tacked upon the theory of an implied delivery of possession of such area."

In the instant case there is more than an implied delivery, because Payne, who had acquired title by adverse possession, testified he gave plaintiffs possession of the two-acre tract.

The judgment is reversed.

MR. JUSTICE HOLLAND and MR. JUSTICE HILLIARD do not participate.