## No. C-272

Spring Valley Estates, Inc., a Corporation; James M. Burger, and City of Boulder, Colorado, a municipal corporation v. Minnie May Cunningham

(510 P.2d 336)

Decided May 21, 1973.

436

Walter L. Wagenhals, City Attorney, Gilbert M. Sackheim, Assistant, for petitioner, City of Boulder.

Hollenbeck, King, French and Mills, Peter C. Dietze, for petitioners, Spring Valley Estates, Inc. and James M. Burger.

James H. Snyder, Wesley H. Doan, for respondent.

MR. JUSTICE HODGES delivered the opinion of the Court.

We granted certiorari to review the opinion and judgment of the Colorado Court of Appeals in *Cunningham v. Spring*

*Valley Estates, Inc.*, 31 Colo. App. 77, 501 P.2d 746. In granting certiorari, we were particularly concerned with the holding of the Court of Appeals which seems to suggest that an adverse possessor of land who has perfected title by a court action resulting in a quiet title decree is entitled to damages for trespass from the record title holder from the first date of adverse possession. Such a holding would be erroneous and, therefore, the sole purpose of this opinion is to restate the law in Colorado on this point. In other respects, the Court of Appeals opinion correctly resolved the pertinent issues and we therefore affirm its judgment in this case.

Respondent Cunningham brought an action for damages for trespass and mental anguish against the petitioners in connection with an underground sewer line constructed across land she had acquired by adverse possession. Petitioner Burger was the former record title holder and is president of petitioner Spring Valley Estates, Inc., which caused the sewer line to be constructed and connected with the City of Boulder's sewage system.

In her complaint in the trial court, respondent Cunningham also requested an injunction to order the removal of the sewer line. By pretrial order, the trial court resolved certain issues, including denial of injunctive relief. Also, in the pretrial order, the trial court converted the injunction phase of the case into an inverse condemnation matter.

After trial to a jury, a verdict was returned awarding respondent Cunningham $1,000 against petitioners Spring Valley Estates, Inc. and Burger, and $600 against petitioner City of Boulder. Respondent Cunningham appealed the trial court's judgment alleging that the trial court erroneously determined controverted issues in its pretrial order, and also erred in restricting her evidence of damages to acts occurring subsequent to July 15, 1967, the date of the quiet title decree. The Court of Appeals agreed and reversed the judgment of the trial court. The case was remanded for a new trial.

While adverse possession does relate back to the

beginning of possession for some purposes, suing the former owner for trespass is not among them. In other words, from the beginning of his possession period, an adverse possessor has an interest in a given piece of property enforceable against everyone *except* the owner or one claiming through the owner. However, it is not until the adverse possessor has possessed the land for the duration of the statutory period that his interest matures into an absolute fee and his possessory rights become enforceable against the former owner as well as third parties. *See* 1967 Perm. Supp., C.R.S. 1963, 118-7-1(1). Once the 18-year period has passed, all remedies, including those for quiet title, ejectment and trespass may be utilized even against the record title holder. C.R.S. 1963, 118-7-13.

The foregoing propositions of law are gleaned from *Moss v. O'Brien,* 165 Colo. 93, 437 P.2d 348 (1968) and *Riggs v. McMurtry,* 157 Colo. 33, 400 P.2d 916 (1965). It should be noted that in both of these cited cases other issues are, for the most part, discussed. However, in both of these cases, a boundary line was incorrectly placed, making one party an unknowing adverse possessor. The statutory period of adverse possession passed and, thereafter, controversies arose over who owned the disputed property and allegations of trespass and damages to the adversely possessed land were made. In both *Moss* and *Riggs,* a quiet title decree in favor of the adverse possessor was entered and at the same time, the court granted the adverse possessor damages against the former owner.

In summary, we hold that in an action for trespass by an adverse possessor against a former title holder, damages are recoverable only from the time the 18-year statutory period has been completed. At a new trial, therefore, determinations must be made as to when the 18-year adverse possession period ended in order that damages for trespass may be properly delineated.

Judgment affirmed.

MR. JUSTICE ERICKSON does not participate.