Eugene V. DOTY, Plaintiff-Appellee,

v.

Winford E. CHALK and Virginia A. Chalk, and all Unknown Persons who Claim an Interest in the Subject Matter of the Action, Defendants-Appellants.

No. 80CA0881.

Colorado Court of Appeals, Div. II.

Aug. 6, 1981.

George A. Epperson, Donald F. McClary, Edward L. Zorn, Fort Morgan, for plaintiff-appellee.

Allen J. Kincaid & Associates, Richard K. Austin, Brush, for defendants-appellants Winford E. Chalk and Virginia A. Chalk.

VAN CISE, Judge.

Defendants, Winford E. Chalk and Virginia A. Chalk, appealed the trial court's entry of judgment in favor of plaintiff, Eugene V. Doty. We affirm.

This action involves a dispute between plaintiff and defendants over the ownership of a one-acre tract of land situated adjacent to the north side of the Fort Morgan canal in Morgan County.

In 1947, Sarah G. Thomas acquired property north of the property now owned by defendants. Her deed included property north of the Fort Morgan canal, but did not include the disputed triangular segment of land directly abutting the north side of the canal. However, Mrs. Thomas testified at trial that until a 1970 survey indicated that her deed did not include the disputed property, she believed that she owned it. In 1970, Mrs. Thomas sold her property to plaintiff's predecessors-in-interest, the De-Jongs. The deed to the DeJongs did not include a description of the disputed property. The DeJongs sold the same property to plaintiff in 1973.

Controversy over the ownership of the disputed property arose during defendants' negotiations to purchase the property south of plaintiff's land. On February 6, 1979, Mr. Chalk and his attorney told Mrs. Thomas that she did not own the property. She then signed a document which stated that she "never at any time claimed any right, title or interest of any kind in [the disputed] property." Defendants acquired paper title to the disputed property from the record owner on February 12, 1979. Subsequently, Mrs. Thomas was advised by plaintiff and his attorney that she did own the disputed property by adverse possession, and, in March 1979, she executed a quitclaim deed to this property to plaintiff.

Plaintiff brought this action to quiet title to the disputed property on April 27, 1979. The trial court found that Mrs. Thomas had acquired the disputed property by adverse possession, and that she had conveyed this property to plaintiff. The trial court then quieted title to the disputed property in plaintiff.

I.

Defendants insist on appeal that Mrs. Thomas was not in actual possession of the disputed property for 18 years and that, therefore, the trial court erred in ruling that she had acquired title to this property by adverse possession. We disagree.

Actual possession is established where the claimant shows that the property was used in a manner commensurate with its particular attributes. *Anderson v. Cold Spring Tungsten, Inc.*, 170 Colo. 7, 458 P.2d 756 (1969).

At trial, plaintiff adduced evidence which showed that during most of the years between 1948 and 1970 Mrs. Thomas used the disputed property for farming and grazing. During those years that the property was not used in this manner, it was placed by her in a government soil bank program and kept free of weeds in compliance with this program. Thus, Mrs. Thomas continuously used the disputed property in a manner which was suited to its particular characteristics and limitations, and, therefore, she was in actual possession of this property for a period in excess of 18 years. *Anderson v. Cold Spring Tungsten, Inc., supra.*

Since the other elements of adverse possession during Mrs. Thomas' occupancy were also proven, the trial court did not err in ruling that she had acquired title to the disputed property prior to 1970. *See* § 38–41–101, C.R.S.1973; *Spring Valley Estates, Inc. v. Cunningham*, 181 Colo. 435, 510 P.2d 336 (1973).

## II.

Defendants also argue that if title to the disputed property did vest in Mrs. Thomas by adverse possession, then this property was not conveyed to the DeJongs or to plaintiff because their deeds did not include a description of the property. Further, assuming Mrs. Thomas retained ownership of the disputed property after 1970, defendants contend that she effectively divested herself of such title and conveyed the property to defendants in February 1979 by disclaiming her title to the property.

We agree with defendants that Mrs. Thomas retained ownership of the disputed property after the conveyance to the DeJongs in 1970.

The tacking of successive adverse possessions of vendor and purchaser of an area not within the premises described in a deed, but contiguous thereto, requires that the grantor intend to transfer possession of such area to the purchaser. *Prestrud v. Young*, 124 Colo. 95, 242 P.2d 613 (1951); *Lively v. Wick*, 122 Colo. 156, 221 P.2d 374 (1950). Here, the trial court found that in 1970, after seeing the survey, Mrs. Thomas believed that she was not the record owner of the disputed property. She then knowingly excluded this property from her deed to the DeJongs. Hence, since Mrs. Thomas did not intend to transfer possession of the disputed property to the DeJongs, she retained ownership of it. *See Prestrud v. Young, supra.*

However, we do not agree with defendants' contention that the disclaimer signed by Mrs. Thomas prior to her execution of the quitclaim deed to plaintiff divested her of title to the property.

Title to property acquired by adverse possession matures into an absolute fee interest after the statutory prescriptive period has expired. Section 38–41–101, C.R.S.1973; *Spring Valley Estates, Inc. v. Cunningham, supra.* Transfer of the property may only be effected by a validly executed deed, by adverse possession, or by other legal means. *McCain v. Cook*, 184 Neb. 147, 165 N.W.2d 734 (1969). Here, no claim is made on appeal that the disclaimer was, in effect, a quitclaim deed. And, there are no words of conveyance in the disclaimer that would make it a deed. *See* § 38–30–113 and § 38–30–116, C.R.S.1973. Moreover, such title cannot be divested by a cessation of occupancy or by the acknowledgment of title in the former owner. *Crawford v. French*, Colo.App. (No. 79CA1116, announced June 25, 1981); *McCain v. Cook, supra; see also Fritts v. Ericson*, 103 Ariz. 33, 436 P.2d 582 (1968).

Hence, since title to the disputed property vested in Mrs. Thomas long before the disclaimer was executed here, such disclaimer had no legal effect. *See Crawford v. French, supra; McCain v. Cook, supra.*

The quitclaim deed executed by Mrs. Thomas in March 1979 conveyed the disputed property to plaintiff, and, therefore, plaintiff obtained title to the property at that time. *See* § 38–30–116, C.R.S.1973; *Lee v. Buena Vista Bank & Trust Co.*, 36 Colo.App. 183, 529 P.2d 1331 (1975), *aff'd*, 191 Colo. 551, 554 P.2d 1109 (1976).

Judgment affirmed.

KELLY and TURSI, JJ., concur.